UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>     Plaintiff,<br><br> v.<br><br>MICHAEL COONEY, et al.,<br><br>     Defendants. | Case No. 3:24-cv-05814-BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE |

This matter comes before the Court on *pro se* plaintiff Tony Card's motion to proceed *in forma pauperis.* Dkt. 1. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). The motion for IFP is granted, because plaintiff does not have sufficient funds to afford the filing fee. But, because plaintiff has not established whether the Court has jurisdiction to adjudicate this case, and because the complaint does not contain sufficient facts to state a plausible claim plaintiff is ordered to show cause why this cause of action should not be dismissed – or file an amended complaint – on or before **November 12, 2024.**

DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad

ORDER GRANTING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS AND ORDER TO
SHOW CAUSE - 1

discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). A claim is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A. <u>Lack of Subject Matter Jurisdiction</u>

Although plaintiff states that this Court has federal question jurisdiction over this complaint, plaintiff's IFP application does not clearly demonstrate that this Court does in fact have subject matter jurisdiction to hear his claim. Federal courts are courts of limited jurisdiction; only cases arising under a federal question or cases where there is complete diversity of the parties may be heard. U.S. Const. Art. III §2, cl. 1; 28 U.S.C. §§ 1331, 1332.

To establish federal question jurisdiction pursuant to 28 U.S.C. § 1331, a claim must arise "under the Constitution, laws, or treaties of the United States." "Presence or

absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*., 482 U.S. 386, 386 (1987).

Federal question jurisdiction has not been established in this case. When asked to identify the basis for federal question jurisdiction, plaintiff alleges his claims "stem from family court" and states this Court has subject matter jurisdiction over all claims arising "under the Constitution, laws, or treaties of the United States." Dkt. 1-1 at 3. While the latter is true, plaintiff has not presented facts that would support a cause of action under the federal statutes or constitution or other federal law. Matters of federal question arise under federal law only when the federal questions arise on the face of the well-pleaded complaint. *See Caterpillar*, 482 U.S. at 392. Criminal trespass, plaintiff's primary cause of action, is traditionally a question of state law, and plaintiff does not allege facts establishing that his trespass claim arises under federal law or otherwise raises a federal question.

B. Failure to State a Claim

Assuming for purposes of this analysis that plaintiff would potentially be able to establish that the court has jurisdiction over his claim, he would still be required to amend his complaint to allege sufficient factual assertions. An unrepresented plaintiff's complaint is to be construed liberally; but – like any other complaint – factual assertions must be sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under Federal Rule of Civil Procedure (Fed R. Civ P.) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show he is entitled to any relief. *Iqbal*, 556 U.S. at 678. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id*. at 681; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp*., 550 U.S. at 555. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990).

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, plaintiff does not provide sufficient facts to support a claim for relief or a cognizable legal theory. It is unclear from the complaint what events gave rise to this suit. Plaintiff states Michael Cooney is "constantly leaving voicemails" to serve plaintiff documents from King County Superior Court, and Linda Ridge and King County

ORDER GRANTING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS AND ORDER TO
SHOW CAUSE - 4

Superior Court Judge Aimee Sutton[1] "have been served documents rescinding all previous contracts and powers of attorney." Dkt. 1-1 at 5. Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights. As such, plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

In order to properly address this issue, plaintiff must specifically describe acts or failures to act, taken by the defendants, causing a violation of law that would be within this Court's jurisdiction (as described above).

## CONCLUSION

Plaintiff's motion for IFP is GRANTED.

It appears that plaintiff's complaint is subject to dismissal. The Court ORDERS plaintiff to either: (1) file a memorandum describing (show cause) why the complaint should not be dismissed, or (2) alternatively, plaintiff may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before November 12, 2024. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

---

[1] It is unclear from plaintiff's complaint what the nature of his claims are against Judge Aimee Sutton. A judge is immune from liability unless the actions were nonjudicial, or the actions were "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (per curiam) (citing *Stump v. Sparkman,* 435 U.S. 349, 356-357 (1978)). Plaintiff has not shown how Judge Sutton's actions were non-judicial.

ORDER GRANTING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS AND ORDER TO
SHOW CAUSE - 5

The Court will screen the amended complaint to determine whether it states a claim and names proper defendants. If the amended complaint is not timely filed or fails to address the issues raised herein, the undersigned will recommend dismissal of this action for lack of jurisdiction, or as frivolous, under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff a copy of this order.

Dated this 18th day of October, 2024.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge